The indictment was for an assault and battery committed by the prisoner on James Brown with intent to kill him. On the evening of the 25th of August preceding, upon the arrival of the train on the railroad at Claymont Station, Mr. Brown had just left the *Page 63 
train and taken his seat in his carriage, when a pistol was discharged from the platform of one of the cars, the ball from which hit and penetrated the right side of his face, from which it was afterward extracted, but inflicting a wound which was at one time considered to be dangerous to his life. There were some twenty persons on the platform of the station when the prisoner, who had just before been seen standing with another young man on the platform of a car with a pistol in his hand apparently examining it as the train was starting and had partly passed Mr. Brown's carriage, suddenly brought his arm and hand with the pistol in it, around in that direction and discharged it. They were both strangers to Mr. Brown, and were on their journey together from Philadelphia to Dover, to work at their trade as carpenters for a person who had employed them there. The companion of the prisoner was the owner of the pistol, and in packing his chest in the city had forgotten it until it was too late to be packed, and on leaving had put it in his pocket, and had informed the prisoner of it about the time the train reached the station, and told him he did not like to be carrying a pistol in his pocket, when the latter expressed a desire to see it, and he handed it to him for that purpose, as they went out on the platform of the car. He further testified that the prisoner was examining it when he accidentally and unintentionally discharged it, and that the prisoner did not know that it was loaded until it went off. When a gentleman on the train, who had no acquaintance with the prisoner, went to him soon afterward and told him that it was rumored on the train that a man had been shot by him, he replied insolently to him and said, if he had done it, he did not know that it was any of his business; and after the train had reached Wilmington, he again spoke to him about it, when he replied that he did fire a pistol in that direction, but if any one said he fired at anybody, or tried to shoot anybody, he was a liar and he would whip him, although he was not a fighting man. They were followed by officers to Dover the same night *Page 64 
and when arrested together in the same bed, they both said to the officers arresting them, they had got hold of the wrong parties, and when asked for the pistol, denied that they had any, but on turning back the bed clothes and pillows, they found one under them. The prisoner had since called on Mr. Brown in Philadelphia and said to him that he was the man who did it, and that he was sorry for it.
That if they were satisfied that the pistol was fired by the prisoner unintentionally and by accident merely, however imprudent, or improper it may have been for him to be handling or examining it loaded in such a place and at such a time, he ought not to be convicted of either the misdemeanor, *Page 65 
or the felonious intention alleged in the indictment. But if, on the contrary, they were satisfied by the proof that he discharged it intentionally and wantonly or recklessly into the crowd of persons assembled about the place at the time, or in the direction of the carriage of the prosecuting witness, indifferent as to whom he might shoot, or what the mischief or injury might be, or where or on whom it might fall, such conduct would manifest such a wicked and depraved inclination and disposition on his part, that it might well be presumed by them that he intended at the time to shoot some one, upon the principle that every one is presumed to intend the probably consequence of his own act; and if that was so in the opinion and belief of the jury, the prisoner was guilty, at least of the assault alleged in the indictment. But the felonious intention alleged in it to kill the prosecuting witness, Mr. Brown, was not a matter to be made out by inference, or presumption merely, but must be proved like any other fact material in the case, in order to convict him of the felony, or felonious intention alleged in it, and the point had been several times so ruled and decided in this court. It was competent under the statute, however, for the jury to convict him upon the indictment of the misdemeanor, or assault merely. But as to the felony, or intent to kill the prosecuting witness, it would have been a very different case both in law and fact, if he had died of the wound within a year.
 Verdict — Not Guilty. *Page 66